UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>                                Petitioner,<br><br>v.<br><br>RAYTHEL FISHER, Warden,<br><br>                                Respondent. | Case No.: 3:21-cv-1167-CAB-WVG<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

      On April 14, 2021, Petitioner, currently detained at Vista Detention Facility ("VDF") in Vista, California and proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] On June 30, 2021, the Court dismissed the case without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to name a proper respondent, and failed to state a cognizable claim. *See* ECF No. 3. The Court notified Petitioner that to have his case reopened, he must do two things: (1) satisfy

---

[1] The Petition was originally filed in the United States Court of Appeals for the Ninth Circuit as an "Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254." *See* Pet., ECF No. 1 at 1. The Ninth Circuit found Petitioner did not need leave to file a habeas petition in the district court because he had not previously challenged his conviction on federal habeas. *See Williams v. Fisher*, No. 21-70067 (9th Cir. June 24, 2021), ECF No. 1-2. Accordingly, the Ninth Circuit transferred the case to this Court, while "expressing no opinion as to the merits of the applicant's claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 are satisfied." *See id.* at 1.

1

the filing fee requirement by either paying the $5.00 filing fee or by providing adequate proof of his inability to pay and (2) file a First Amended Petition which cures the pleading deficiencies outlined in the Court's Order. *See id.*

On September 30, 2021, Petitioner submitted a letter in which he stated that VDF officials had refused to give him access to funds in his trust account, and those same officials further declined to submit the $5.00 filing fee to this Court, despite Petitioner's repeated requests. ECF No. 7 at 1. Petitioner stated that VDF official informed him that they require a Court order to release his trust account funds. *Id.* On October 1, 2021, the Court granted Petitioner an extension of time to file his amended petition and satisfy the filing fee requirement. ECF No. 8. The Court noted in its Order that VDF officials were required to process Petitioner's filing fee request. *See id.* at 2, *citing* CDCR Op. Manual § 54010.23. On October 14, 2021, Petitioner filed a First Amended Petition and a Request to Proceed In Forma Pauperis. ECF Nos. 11 & 12.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner has submitted his Request to Proceed In Forma Pauperis ("IFP") along with a prison certificate showing he has sufficient funds in his trust account to pay the $5.00 filing fee. *See* ECF No. 12 at 4. Attached to the IFP application, Petitioner includes an "Inmate Request" he submitted to VDF officials, asking that funds be sent to the Court to satisfy the filing fee. *Id.* at 6. In response to Petitioner, a VDF staffer wrote: "[W]e cannot do that. We collect funds only after we receive a court order that instructs us to do so." *Id.*

First, the Court has now issued not one, but two Orders stating that the filing fee must be submitted. *See* ECF Nos. 3 & 8. The Court fails to understand why VDF officials have failed to forward the $5.00 filing fee to the Court. Furthermore, as noted in this Court's October 1, 2021 Order, Petitioner is not required to obtain an order from the Court to withdraw a filing fee from his prison trust account statement. *See* CDCR Op. Manual § 54010.23. Indeed, this Court does not routinely provide such orders and declines to issue a third Order now. Because the onus was on VDF to release the funds,

and not on Petitioner to obtain a Court order (or on this Court to provide one), the Court **GRANTS** Petitioner's application to proceed IFP in the interest of justice. The Court therefore allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

The First Amended Petition must be dismissed, however, because Petitioner has failed to allege exhaustion. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere on the First Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. *See* Am. Pet., ECF No. 11 at 6. If Petitioner has raised his claims in the California Supreme Court, he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.

1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

/ / /

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Accordingly, the Court **GRANTS** the request to proceed IFP, and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, no later than **December 3, 2021**, file a Second Amended Petition which adequately alleges exhaustion. Further, Petitioner is advised that if he has not submitted a Second Amended Petition alleging exhaustion of the claim(s) raised therein before **December 3, 2021**, he will have to start over by filing a completely new habeas petition in this Court. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: October 25, 2021

Hon. Cathy Ann Bencivengo
United States District Judge