UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>                              Petitioner,<br><br>v.<br><br>RAYTHEL FISHER, Warden,<br><br>                             Respondent. | Case No.: 3:21-cv-1167-CAB-WVG<br><br>**ORDER DENYING REQUEST FOR EXTENSION OF TIME AND NOTIFYING PETITIONER THE PETITION REMAINS DISMISSED WITHOUT PREJUDICE [Doc. No. 21]** |

On April 14, 2021, Petitioner, currently detained at Vista Detention Facility in Vista, California and proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] On June 30, 2021, the Court dismissed the case without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to name a proper respondent, and failed to state a cognizable claim. *See* ECF No. 3. The Court notified Petitioner that to have his case reopened, he needed to satisfy the filing fee requirement and file a First

---

[1] The Petition was originally filed in the United States Court of Appeals for the Ninth Circuit as an "Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254." *See* Pet., ECF No. 1 at 1. The Ninth Circuit found Petitioner did not need leave to file a habeas petition in the district court because he had not previously challenged his conviction on federal habeas. *See Williams v. Fisher*, No. 21-70067 (9th Cir. June 24, 2021), ECF No. 1-2. Accordingly, the Ninth Circuit transferred the case to this Court, while "expressing no opinion as to the merits of the applicant's claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 are satisfied." *See id.* at 1.

1

Amended Petition which cured the pleading deficiencies outlined in the Court's Order. *See id.* After receiving an extension of time, Petitioner filed a Motion to Proceed In Forma Pauperis and a First Amended Petition on October 14, 2021. ECF Nos. 11 & 12. On October 25, 2021, the Court issued an Order granting Petitioner's Motion to Proceed In Forma Pauperis and dismissing the First Amended Petition without prejudice for failure to allege exhaustion of state judicial remedies. ECF No. 13. The Court notified Petitioner that in order to proceed he must file a Second Amended Petition by December 3, 2021. *Id.*

On November 29, 2021, Petitioner submitted a letter in which he stated he was having difficulty meeting the Court's deadline because he had been "isolated in his cell 90% of the time" and has not been able to use the law library. ECF No. 16 at 1. He also stated he was awaiting a ruling on a habeas petition which was pending before the California Supreme Court. *Id.* The Court liberally construed Petitioner's letter as a request for an extension of time to file an amended petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."). On December 2, 2021, the Court granted Petitioner a second extension of time until January 17, 2022 to file a Second Amended Petition. In the Order, the Court cautioned Petitioner that it would be his last extension of time "unless some new and presently unforeseeable good cause arises." ECF No. 17 at 2.

On January 17, 2022, Petition submitted a letter to the Court in which he stated that he was unable to file a Second Amended Petition before the deadline set by the Court because the California Supreme Court had not yet ruled on his petition for writ of habeas corpus. ECF No. 18 at 1. Petitioner also stated that he was awaiting resentencing in San Diego Superior Court as a result of Assembly Bill 865 which permits sentencing courts must consider any trauma, substance abuse, and mental health problems caused by a defendant's service in the United States military as mitigating factors weighing in favor of a low-term sentence. *Id.*; *see also* Cal. Penal Code § 1170.91(a). The Court construed Petitioner's letter as another request for an extension of time to file a fully exhausted amended petition. *See Erickson*, 551 U.S. at 94. Based on Petitioner's letter, however, it

was clear the claims raised in the First Amended Petition remained unexhausted because the California Supreme Court had yet to issue its ruling. As the Court noted in its February 4, 2022 Order (ECF No. 19), when available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001). The Court concluded that Petitioner had not shown "new and unforeseeable good cause" to justify another extension and therefore denied the extension of time and dismissed the case without prejudice to refiling it as a new case once Petitioner completed exhaustion of state judicial remedies. *See* ECF No. 19.

On March 16, 2022, Petitioner filed another letter in which he again seeks more time to file an amended petition. ECF No. 21. He also submitted a letter from the California Supreme Court, dated February 24, 2022, indicating that his petition for writ of habeas corpus, Case No. S270910, is still pending before that court. *See* ECF No. 20. Thus, as discussed in this Court's February 4, 2022 Order, the claims remain unexhausted. *See Rose*, 455 U.S. at 515–16. The case therefore **REMAINS DISMISSED** and Petitioner's request for an extension of time is **DENIED**. The Court again notes that the **dismissal is without prejudice to filing a petition for writ of habeas corpus <u>as a new case</u>, which will be given a new case number,** once exhaustion of the claims in state court is complete, and any other applicable pleading requirements are met. For Petitioner's convenience, the Clerk of Court shall include a blank form petition for writ of habeas corpus along with this Order.

**IT IS SO ORDERED**.

Dated: March 23, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge